UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALVIN MCCONNELL,

    Plaintiff,

v.

PEOPLEREADY,

    Defendant.

Case No. 19-cv-08433-WHO

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

On June 23, 2020, pro se plaintiff Alvin McConnell did not appear for a case management conference. Dkt. No. 10. On July 15, 2020, defendant PeopleReady, Inc. ("PeopleReady") moved to dismiss his employment discrimination complaint on the grounds that it is barred by the applicable statute of limitations. Defendant PeopleReady, Inc.'s Notice of Motion and Motion to Dismiss Complaint [Dkt. No. 12]. McConnell failed to timely oppose the motion by July 29, 2020. Accordingly, on August 5, 2020, I issued an order to show cause for failure to prosecute and allowed him to oppose the motion by August 21, 2020. Order to Show Cause for Failure to Prosecute [Dkt. No. 16]. He has not filed an opposition or otherwise responded to my order.

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010). In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead*, 594 F.3d at 1084 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. As described above, McConnell failed to appear at the initial case management conference. Then, after PeopleReady filed a motion to dismiss, McConnell failed to timely oppose it. I issued an order to show cause for failure to prosecute to give him another chance to file an opposition, effectively extending the response deadline from July 29 to August 21, 2020. He still has not filed an opposition or otherwise responded to my order. This failure to prosecute hinders my ability to move this case forward toward disposition and suggests that McConnell does not intend to litigate this action diligently.

The third factor – prejudice to defendant – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when plaintiffs unreasonably delay prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452 – 53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted here.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move toward disposition at a reasonable pace and avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). McConnell has not discharged this responsibility despite multiple opportunities to oppose the pending motion to dismiss. He was granted sufficient time in which to oppose the motion. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh McConnell's failure to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. McConnell has the opportunity to oppose the motion to dismiss but did not do so. I then gave him more time to oppose the motion, but he again failed to do so.

For the foregoing reasons, I find that the factors weigh in favor of dismissal. This action is hereby DISMISSED without prejudice for failure to prosecute and comply with court orders

1  pursuant to Federal Rule of Civil Procedure 41(b).

2  **IT IS SO ORDERED.**

3  Dated: August 31, 2020



William H. Orrick
United States District Judge